Mr. Justice James
delivered the opinion of the Court:
The complainant seeks a rescission of his former conveyance of a lot of land, containing about two acres, near Rock Creek Park.
It appears that the complainant was an old man at the time of this conveyance, that this little patch and the house on it were all the property he possesed, that his old wife was living, and that the defendant was one of their four adult children. The consideration stated in the deed is one hundred dollars, but the scrivener who drafted it testifies that the defendant, by whom he was employed, told him, at the time, that he was to support the old people for the remainder of their days. The defendant denies that he said this was the consideration of the conveyance, and declares that he only said he was willing to support them. We believe the scrivener. The old man, though obstinate and queer, does not appear to have been silly. It is incredible that he should sell everything he had for a hundred dollars, while it is natural that he should do so for a support. We believe the scrivener.
At the time of this conveyance, and for nearly two years afterwards, the defendant was not living with the old people nor on the premises. A daughter, with her husband, lived in the house with them. When they learned that this conveyance had been made they moved away, and the defendant, with his family moved in.
We are satisfied that the defendant had done nothing before that time for the support of the old people, but there is *482 some dispute about the extent to which he did so after moving into the property. The mother became bed-ridden, and it appears that the old man alone ate at the defendant’s table. For some reason he ceased to do so, and retired to the single room which constituted his part of the house, and there he cooked meals for himself and his wife so long as she lived, and after her death for himself. The defendant claims that this was a whim of the old man’s, and that the latter substantially refused to be supported. It does not appear, however, that the defendant, ever offered to look after the old people after his father withdrew, and it is pretty plain that they were simply left to take care of themselves. The son’s obligations in such a case could not cease until an actual, sincere tender of service was made and refused. The duty of rendering the consideration for which he held the land could not cease until he should be prevented by the other party from performing it. That principle is recognized in numerous cases of this kind. In one of them, reported in xst Ohio State, it was distinctly held that the due support must be offered, not left to be supplicated. The defendant in the present case can- hardly be credited with 1 ‘readiness and willingness” to furnish such support when we find that the complainant continued to cultivate the patch on which both were living, precisely as he had done before the defendant came there, and obtained other means of support by making meat skewers for butchers. We do not perceive that any burden of life was lifted from the old man’s shoulders by the actual situation.
Among the unexpi'essed, but necessarily included obligations of this kind of engagement, to furnish support during the remaining days of a grantor, is the duty of decent sepulture; but we find that, when his mother died, the defendant contributed only half of the forty dollars which her burial cost, while the complainant furnished the other half. With the estate which would have borne this expenditure he took the burden. Nothing in this case is more significant of readiness on the defendant’s part to allow the complainant to continue the struggle of life.
*483 At last the friends of the complainant advised him that he could have rest and relief at the home of the Ifittle Sisters of the Poor. After considering their suggestions for some days he went there. For a whole year the defendant, who was still living on what should have been the old man’s means of self support, did not visit him in his refuge to learn whether he would return. His explanation was, that his father would do just as he pleased anyhow, and it was no use to go. When this bill was filed he did go. It seemed worth while then to try the firmness of this alleged willfulness.
It would be unreaspnable to apply a delicate standard to lives pinched by hardship, but we are required to enforce the plain obligations of trust; and conveyances of this kind are regarded substantially as trusts. One who receives property under an obligation to furnish the donor a support from that source must hold it for application to that duty, and if he refuses or fails to so apply it, his continued possession is a fraud.
Without imputing any conscious fraud in this case, we think this defendant’s retention of the property conveyed to him by the complainant is a violation of the trust on which he received it, and that it should be restored. 7he decree below is reversed and a decree will be framed according to this opinion.